ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| SALVA AGUADILLA, INC.<br><br>Recurrente<br><br>v.<br><br>THE CLIFF, CORP.; GRUPO CARIBE, LLC.; JORGE L. OLIVER PIÑERO<br><br>Querellado<br><br>MUNICIPIO DE AGUADILLA<br><br>Recurrido | TA2026RA00134 | *Revisión Administrativa* procedente de la Oficina de Permisos del Municipio Autónomo de Aguadilla<br><br>Caso Núm.:<br>2023-SRQ-014974<br><br>Sobre: Permiso Núm.:<br>2021-382825-PCOC-016810<br>2019-274204-DEA-003407<br>2021-382825-PUI-003021 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 14 de abril de 2026.

Comparece Salva Aguadilla, Inc. (en adelante, Salva Aguadilla o parte recurrente) mediante un *Escrito de Revisión Judicial* presentado el 25 de marzo de 2026 y nos solicita que revisemos la *Resolución* emitida y notificada el 20 de enero de 2026 por la Oficina de Permisos del Municipio Autónomo de Aguadilla (en adelante, Municipio o parte recurrida), mediante la cual se ordenó el cierre y archivo de todas las querellas radicadas por la parte recurrente.

El 9 de febrero de 2026, Salva Aguadilla presentó una oportuna *Moción de Reconsideración*, sobre la cual no surge del expediente que el Municipio haya tomado acción alguna.

**I.**

El 20 de octubre de 2023, Salva Aguadilla presentó una *Querella*[1] ante el Municipio, identificada con el número 2023-SRQ-014974, contra The Cliff, Corp., Grupo Caribe, LLC, y el Sr. Jorge L. Oliver Piñeiro (en adelante y en conjunto, los desarrolladores). En esta alegó que los desarrolladores habían incumplido con las disposiciones legales, reglamentarias y condiciones de los permisos otorgados para el desarrollo del proyecto conocido como "The Cliff Villas & Country Club". En particular, señaló violaciones relacionadas con la remoción de tierra y corteza terrestre en una zona de amortiguamiento ambiental, el manejo inadecuado de aguas de escorrentía que provocaban problemas de erosión y sedimentación, y la disposición indebida de desperdicios sólidos en lugares no autorizados.

Tras varios trámites procesales, el 16 de enero de 2025, el Municipio realizó una inspección ocular del predio objeto de la querella. Como resultado, emitió un documento intitulado *Informe de Inspección*[2], suscrito el 18 de enero de 2025, en el cual concluyó, en términos generales, que el proyecto cumplía con los planos aprobados y con el Plan de Control de Erosión y Sedimentación, por lo que no identificó violaciones a las disposiciones aplicables.

Inconforme, la recurrente acudió ante este Tribunal mediante un recurso de revisión judicial, bajo el alfanumérico TA2025RA00141.[3] El 11 de septiembre de 2025, un panel hermano de este Foro emitió una *Sentencia*[4] en la que desestimó el recurso por falta de jurisdicción, al concluir que el dictamen administrativo no cumplía con los requisitos mínimos de una determinación final debidamente fundamentada que permitiera su revisión judicial efectiva. A esos efectos, se indicó que el Municipio debía emitir una nueva determinación conforme a derecho.

---

[1] Apéndice 1 del *Recurso de Revisión Judicial.*
[2] Véanse Apéndices 10 y 11 del *Recurso de Revisión Judicial.*
[3] Apéndice 14 del *Recurso de Revisión Judicial.*
[4] Apéndice 18 del *Recurso de Revisión Judicial.*

En atención a lo anterior, el 20 de enero de 2026, el Municipio emitió una nueva *Resolución*[5]. Mediante esta, la parte recurrida resolvió archivar el caso al concluir que Salva Aguadilla carecía de legitimación para presentar la querella al amparo del Artículo 14.6 de la Ley Núm. 161-2009, según enmendada, conocida como *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9024e. Surge de dicha *Resolución* que el Municipio determinó, en síntesis, que la querellante no lo colocó en posición de establecer que cumplía con los requisitos estatutarios para instar la querella.

El 9 de febrero de 2026, la recurrente presentó una *Moción de Reconsideración* ante el Municipio, en la cual sostuvo, entre otros asuntos, que la Resolución no estaba debidamente fundamentada y que la interpretación del Municipio sobre la legitimación activa era errónea en derecho. No obstante, del expediente no surge que el Municipio haya tomado acción sobre dicha moción dentro del término dispuesto por ley.

En consecuencia, el 24 de marzo de 2026, Salva Aguadilla presentó el *Recurso de Revisión Judicial* que nos ocupa. En el mismo, señaló los siguientes errores:

> **PRIMER ERROR: ERRÓ EL MUNICIPIO AUTÓNOMO DE AGUADILLA AL NO EMITIR UNA DETERMINACIÓN DEBIDAMENTE FUNDAMENTADA.**
>
> **SEGUNDO ERROR: ERRÓ EL MUNICIPIO AUTÓNOMO DE AGUADILLA AL DETERMINAR QUE LA PARTE QUERELLANTE CARECE DE LEGITIMACIÓN PARA PRESENTAR UNA QUERELLA AL AMPARO DE LA LEY DE PERMISOS.**

En su recurso, la recurrente sostiene que el Municipio erró al archivar la querella mediante una Resolución que no cumple con los requisitos mínimos de fundamentación exigidos por la Ley de Procedimiento Administrativo Uniforme y la Ley para la Reforma del Proceso de Permisos de Puerto Rico, al no incluir determinaciones de hecho ni explicar adecuadamente las bases de su conclusión. Además, argumenta que el Municipio incidió al concluir que carecía de legitimación para presentar la

---

[5] Apéndice 2 del *Recurso de Revisión Judicial.*

querella, ya que —según plantea— cumple con los criterios establecidos en el Artículo 14.6 de la Ley Núm. 161-2009, por ser una persona jurídica con intereses propios y colindantes afectados por las alegadas violaciones. Sostiene, en esencia, que el Municipio aplicó un estándar más restrictivo que el dispuesto por ley y que, al hacerlo, incumplió con su deber ministerial de atender y adjudicar la querella en sus méritos.

Luego de examinar el recurso, optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho", conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025). Consecuentemente, procederemos a resolver el caso de autos sin la comparecencia de la parte recurrida.

## II.

### A. Legitimación activa

El Tribunal Supremo de Puerto Rico reiteradamente ha reconocido que el principio de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el Poder Judicial. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 738 (2022). En ese sentido, se ha establecido que una controversia no es justiciable cuando: (1) se procura resolver una cuestión política; (2) una de las partes carece de legitimación activa; (3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; (4) las partes están tratando de obtener una opinión consultiva, o (5) se intenta promover un pleito que no está maduro. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 68-69 (2017); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 932 (2011); *Noriega v. Hernández Colón*, 135 DPR 406, 421-422 (1994).

La legitimación activa se ha definido como la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y, de esta forma, obtener una sentencia vinculante. *Bhatia Gautier, supra*, pág. 69, citando a

R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho procesal civil*, San Juan, Pubs. LexisNexis de Puerto Rico, Inc., 2017, pág. 121; J.A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., Colombia, [s. Ed.], 2012, pág. 132. El propósito de esta doctrina es demostrarle al foro adjudicador que el interés del demandante en el pleito es de tal índole que, con toda probabilidad, proseguirá su causa de acción de manera vigorosa. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360, 371 (2002); *Hernández Agosto v. Romero Barceló*, 112 DPR 407, 413 (1982).

Para determinar si una parte posee legitimación activa, debe cumplir con los siguientes requisitos: 1) haber sufrido un daño claro y palpable; 2) que el referido daño sea real, inmediato y preciso, y no abstracto o hipotético; 3) que exista una conexión entre el daño sufrido y la causa de acción ejercitada; y 4) que la causa de acción surja bajo el palio de la Constitución o de una ley. *Fund. Surfrider y otros v. ARPe*, 178 DPR 563, 572 (2010); *Lozada Tirado, et al. v. Testigos Jehová*, 177 DPR 893, 924 (2010); *Col. Peritos Elec. v. AEE*, 150 DPR 327, 331 (2000); *Asoc. Maestros PR v. Srio. Educación*, 137 DPR 528, 535 (1994).

En cuanto a las asociaciones, el Tribunal Supremo ha reconocido que estas pueden comparecer tanto a nombre propio como en representación de sus miembros. *Col. Peritos Elec. v. AEE, supra*; *Asoc. Maestros PR v. Srio. Educación, supra*, pág. 536. Cuando la asociación demanda a nombre propio, basta con que cumpla con los requisitos generales de legitimación antes descritos. *Fund. Surfrider y otros v. ARPe, supra*, págs. 572-573; *Col. Peritos Elec. v. AEE, supra*; *Col. Ópticos de PR v. Vani Visual Center*, 124 DPR 559, 565 (1989).

Por otro lado, cuando actúa en representación de sus integrantes, tendrá legitimación activa siempre que demuestre: (1) que sus miembros tendrían legitimación para demandar a nombre propio; (2) que los intereses que se pretenden proteger están relacionados con los objetivos de la organización; y (3) que la reclamación y el remedio solicitado no requieren la

participación individual de sus miembros. *Fund. Surfrider y otros v. ARPe, supra*, pág. 573; *Col. Peritos Elec. v. AEE, supra*, págs. 331-332; *Col. Ópticos de PR v. Vani Visual Center, supra*, pág. 566.

Respecto al requisito de daño, nuestro Más Alto Foro ha reconocido que la lesión puede basarse en consideraciones ambientales, recreativas, espirituales o estéticas. *Fund. Surfrider y otros v. ARPe, supra*; *Salas Soler v. Srio de Agricultura*, 102 DPR 716, 723 (1974). No obstante, ello no implica que "la puerta está abierta de par en par para la consideración de cualquier caso que desee incoar cualquier ciudadano en alegada protección de una política pública". *Fund. Surfrider y otros v. ARPe, supra*; *Salas Soler v. Srio de Agricultura, supra*, págs. 723-724.

A su vez, "**[c]uando se cuestiona la legitimación de una parte para entablar un pleito, el juzgador debe tomar como ciertas las alegaciones del reclamante e interpretarlas desde el punto de vista más favorable a éste**". *Crespo v. Cintrón*, 159 DPR 290, 299 (2003); véase, también, *Col. Peritos Elec. v. AEE, supra*, pág. 332. (Énfasis nuestro). Es decir, corresponde el promovente de la acción alegar afirmativamente que cumple con los requisitos antes indicados. *Fund. Surfrider y otros v. ARPe, supra*, págs. 572-573.

Ahora bien, la Asamblea Legislativa tiene la prerrogativa de otorgar legitimación activa expresa a ciertas personas mediante leyes o estatutos. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 962 (2012), citando a *Hernández Torres v. Gobernador*, 129 DPR 824, 835 (1992). Por ello, al evaluar la legitimación activa de una parte, debemos examinar si alguna ley le confiere una causa de acción. *Id.*

### B. Ley Núm. 161-2009

La Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, según enmendada, 23 LPRA sec. 9011 *et seq.* (Ley Núm. 161-2009), establece el marco legal y administrativo sobre solicitudes, evaluaciones, concesiones y denegación de permisos que inciden en el

desarrollo económico de Puerto Rico. Por medio de este estatuto se le transfirió a la OGPe la jurisdicción para evaluar, conceder o denegar permisos relacionados con el desarrollo de obras de construcción y el uso de terrenos. *Díaz Vázquez et al. v. Colón Peña et al.*, 214 DPR 1135, 1144 (2024). Asimismo, la citada ley confirió la misma autoridad a ciertos Municipios Autónomos (con jerarquía I a la V, a los cuales la Junta de Planificación les hubiese transferido mediante un convenio de delegación parcial o total determinadas competencias sobre la ordenación territorial). *Id.* Véanse: Exposición de Motivos de la Ley Núm. 161-2009, *supra*; Art. 8.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9018.

Dicho estatuto, además, permite la impugnación de un permiso otorgado mediante la presentación de una querella. *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 594 (2020). A esos efectos, el Artículo 14.6 de la Ley Núm. 161-2009, 23 LPRA sec. 9024e, dispone que:

> Cualquier agencia, dependencia o instrumentalidad del Gobierno de Puerto Rico en representación del interés público o **una persona privada, natural o jurídica, que tenga interés propietario, o que sea colindante, propietaria u ocupante de una propiedad vecina, a la cual su interés personal podría verse afectado, podrá presentar una querella** contra una persona natural o jurídica o una entidad pública, a través del Sistema Unificado de Información alegando: (a) el incumplimiento con las disposiciones o condiciones de los permisos expedidos; (b) la alegada ausencia de un permiso requerido; o (c) el incumplimiento con cualquier disposición de la Ley 75 de 24 de junio de 1975 o esta Ley, las leyes habilitadoras de las Entidades Gubernamentales Concernidas, la Ley de Municipios Autónomos, el Reglamento Conjunto de Permisos o demás reglamentos aplicables. (Énfasis nuestro).

En virtud del citado artículo, la Ley Núm. 161-2009, *supra*, concede legitimación activa por la vía estatutaria, a cualquier persona privada, natural o jurídica, "que tenga interés propietario, o que sea colindante, propietaria u ocupante de una propiedad vecina, a la cual su interés personal podría verse afectado", a presentar una querella para impugnar la construcción de alguna obra, basándose en cualquiera de los argumentos allí expuestos. 23 LPRA sec. 9024e; *Capó Cruz v. Jta. Planificación et al.*, *supra*, pág. 595.

A la luz de lo anterior, corresponde examinar si las alegaciones presentadas por la parte querellante cumplen con los requisitos de legitimación activa establecidos por el Artículo 14.6 de la Ley Núm. 161-2009, *supra.*

**III.**

Por tratarse de un asunto de umbral relacionado con la justiciabilidad del caso, comenzamos por atender el segundo señalamiento de error, mediante el cual la parte recurrente sostiene que el Municipio erró al concluir que carecía de legitimación activa para presentar la querella al amparo de la Ley Núm. 161-2009, *supra.*

Como norma general, la legitimación activa no se presume, sino que debe surgir de alegaciones concretas presentadas por la parte promovente. *Fund. Surfrider y otros v. ARPe*, *supra.* En ese sentido, corresponde a quien inste una acción alegar hechos suficientes que lo ubiquen dentro de las categorías reconocidas por el ordenamiento jurídico aplicable.

En el contexto específico de la Ley Núm. 161-2009, el Artículo 14.6, *supra*, dispone que podrán presentar una querella **aquellas personas que tengan un interés propietario, o que sean colindantes, propietarias u ocupantes de una propiedad vecina cuyo interés personal podría verse afectado por la actuación impugnada.** Por consiguiente, **la parte querellante viene obligada a alegar hechos concretos que permitan al foro administrativo determinar que se encuentra dentro de alguna de dichas categorías y cuál es el interés personal que podría verse afectado.**

Examinada la querella presentada por la parte recurrente, no surge que esta haya alegado ser titular de un interés propietario sobre el predio en cuestión, ni que sea colindante, propietaria u ocupante de una propiedad vecina. Tampoco se desprende que haya alegado de qué manera específica sus intereses personales podrían verse afectados por las actuaciones denunciadas. Por el contrario, sus alegaciones se limitan a señalar presuntas violaciones a permisos, leyes y reglamentos aplicables al proyecto en

controversia, sin vincular dichas alegaciones a un interés particular que la distinga del público en general.

En ese sentido, el Tribunal Supremo de Puerto Rico ha reconocido que, cuando una causa de acción depende del cumplimiento de requisitos estatutarios, corresponde evaluar si tales elementos surgen de las alegaciones de la querella. Así, en *Freyre Martínez v. Consejo de Titulares*, 2026 TSPR 20, 217 DPR ____ (2026), el Tribunal concluyó que procedía la desestimación sumaria cuando de la querella no surgían alegaciones que acreditaran el cumplimiento con los requisitos de umbral exigidos por ley.

De igual forma, en el caso de autos, la ausencia de alegaciones suficientes que permitan establecer la legitimación activa de la parte querellante impedía al Municipio determinar que esta cumplía con los requisitos dispuestos en el Artículo 14.6 de la Ley Núm. 161-2009, *supra.* Ante tal insuficiencia, el Municipio no venía obligado a entrar a los méritos de la querella.

No nos persuade el argumento de la parte recurrente en cuanto a que, mediante la inclusión de información sobre su dirección física, la identidad de su presidenta o la alegada proximidad de su sede al proyecto, cumple con los requisitos de legitimación activa. Tales planteamientos, según desarrollados en el presente recurso de revisión judicial, no sustituyen la obligación de alegar de forma clara y suficiente, en la querella original, los hechos que la ubiquen dentro de las categorías reconocidas por el Artículo 14.6 de la Ley Núm. 161-2009, *supra.* De igual forma, reiteramos que la parte recurrente tampoco alegó de qué manera los supuestos incumplimientos denunciados han afectado su interés personal, limitándose a imputar violaciones de carácter general sin concretar un daño propio.

La procedencia de la querella debe evaluarse a base de las alegaciones presentadas ante el foro administrativo al momento de su presentación, y no a partir de inferencias, documentos o argumentaciones elaboradas con posterioridad en etapas apelativas.

En consecuencia, concluimos que el Municipio no incidió al determinar que la parte recurrente carecía de legitimación activa para instar la querella, por lo que el segundo señalamiento de error no se cometió.

Por otro lado, en cuanto al primer señalamiento de error, mediante el cual la parte recurrente sostiene que el Municipio no emitió una determinación debidamente fundamentada, tampoco le asiste la razón. A la luz de la insuficiencia de alegaciones en la querella, el Municipio actuó dentro de su discreción al concluir que la parte querellante no lo colocó en posición de determinar que cumplía con los requisitos de ley. Dicha determinación, aunque concisa, resulta suficiente para permitir su revisión judicial, particularmente cuando el defecto identificado surge del propio contenido de la querella.

**IV.**

Por los fundamentos que anteceden, se ***confirma*** la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones